# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                                         Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                                              Fax: 718-740-2000
*Employment and Labor Lawyer*                                                                          Web: www.abdulhassan.com

May 12, 2023

**Via ECF**

Hon. Gary R. Brown, USDJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722

<u>**Re: Tucker v. Engel Burman Senior Housing at North Hills, Inc.**</u>
**Case #: 23-CV-00735 (GRB)(ST)**
**Motion for Settlement Approval**

Dear Judge Brown:

  My firm represents plaintiff Sharon Tucker ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully executed copy will be provided to the Court once Defendant formally signs. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel upon which the fee arrangement is based. Exhibit 3 are the costs receipts in the case.

  Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime, under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

  In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information at the mediation conducted by an experienced FLSA mediator from this Court's mediation panel.

Based on the allegations in the complaint and the information available at this time, Plaintiff is owed unpaid overtime wages of approximately $35.19/hr. x 2.75hrs/wk. x 266wks = $25,741 under the NYLL six-year statute of limitations period – including about $8,128.89 under the FLSA two-year statute of limitations period for non-willful violations. Defendant may also be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense – including liquidated damages on the manual worker claims. Assuming Plaintiff prevails on her wage notice and wage statement violations she could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Defendant may also be able to avoid the imposition of liquidated damages, if it proves a good-faith affirmative defense. It is Defendant's position that Plaintiff was correctly compensated for all hours worked. The parties were in dispute as to whether Plaintiff received a bona fide meal break for which a deduction from work time was made (29 C.F.R. § 785.18; 29 C.F.R. § 785.19) as well as the elements and remedies of the other claims.

As required under *Cheeks* the release in this case is limited to wage and hour claims and claims in the action and the agreement does not contain any other problematic provisions such as general release, confidentiality, non-disparagement, no re-employment, penalties, fee-shifting, etc.

The total settlement amount is $39,777. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $26,000 after costs ($777) and a 1/3 contingency fee ($13,000). (See Ex. 1 ¶ 3(a-c)).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $13,000 after reimbursement of $777 in filing ($402), mediation ($300), and service ($75) costs (Ex. 1 ¶ 3(c))[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

*Venegas* which holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Waien v. Invagen Pharmaceuticals Inc.*, Case No. 21-CV-06659 (Judge Brown, EDNY October 28, 2022) (approving a 1/3 contingency fee of $13,867 under Cheeks).; *Rivera v. AMPM Property Management Inc. et. al.,* Case No. 21-CV-05925 (EDNY, September 27, 2022, Judge Brown)(approving a 1/3 contingency fee of $23,016); *Vargas v. Leber Construction Corp. et al*, Case No. 20-CV-01935 (Judge Brown, March 11, 2021)(approving a 1/3 contingency fee of $19,680 under Cheeks).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, the amount Plaintiff is due to receive under the settlement is not insignificant in light of the factual and legal issues. Second, Defendant disputes liability and a jury can award Plaintiff less than he is receiving here or nothing. Third, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation. Finally, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation, and who vigorously advocated on behalf of their respective clients.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq.

**cc:** **Defense Counsel via ECF**